Receipt number 9998-5142336

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**L. KEVIN ARNOLD**

**and**

**MARTIN LEE**

**and**

**MARK MUNOZ**

**and**

**MATTHEW PERRY**

**and**

**AARON SAVAGE**

**and**

**JENNIFER TAYLOR**

  **Plaintiffs,**

**v.**

**THE UNITED STATES**

  **Defendant.**

No.: _____  19-59 C

## COMPLAINT AND REQUEST TO PROCEED AS A COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

  The Plaintiffs, L. Kevin Arnold, Martin Lee, Mark Munoz, Matthew Perry, Aaron Savage, and Jennifer Taylor, on their own behalf and on the behalf of all others similarly situated, by and through their undersigned counsel, hereby file this Complaint against Defendant, the United States of America, to redress actions and omissions taken by Defendant in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.,* 29 U.S.C § 216(b).

Plaintiffs seek a declaratory judgment, backpay and other relief pursuant to 29 U.S.C. § 216; 28 U.S.C §1346(a)(2); 28 U.S.C. §§ 1491, 2201, 2202.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 201, *et. seq.*, 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue is proper pursuant to 28 U.S.C. § 1491.

## PARTIES

1. Plaintiffs, and all others similarly situated, at all times relevant hereto were each an "employee" as defined by 29 U.S.C. § 203(e).

2. Plaintiffs are current employees of the Agencies of the United States of America.

3. Plaintiff L. Kevin Arnold is employed by the U.S. Forest Service and works in Choteau, Montana as a GL-1801 Law Enforcement Officer. He is classified as FLSA non-exempt and has performed work for the Agency at some time from December 22, 2018, until the present and continuing, without receiving minimum wage compensation and/or overtime compensation pursuant to the FLSA. He is a member of the National Federation of Federal Employees, International Association of Machinists ("NFFE").

4. Plaintiff Martin Lee is employed by the National Oceanic and Atmospheric Administration, National Weather Service, and works at the Weather Forecast Office in Duluth, Minnesota as a GS-0856 Electronics Technician. He is classified as FLSA non-exempt and has performed work for the Agency at some time from December 22, 2018, until the present and continuing, without receiving minimum wage and/or overtime compensation pursuant to the FLSA. He is a member of the National Weather Service Employees Organization ("NWSEO").

5. Plaintiff Mark Munoz is employed by the U.S. Forest Service and works at the Waterman Canyon Station in San Bernardino, California as a GS-462 Supervisory Fire Engine Operator. He is classified as FLSA non-exempt and has performed work for the Agency at some time from December 22, 2018, until the present and continuing, without receiving minimum wage compensation and/or overtime compensation pursuant to the FLSA. He is a member of the National Federation of Federal Employees, International Association of Machinists ("NFFE").

6. Plaintiff Matthew Perry is employed by the Federal Aviation Administration and works at the Washington Air Route Traffic Control Center as a GS-2154 Air Traffic Assistant. He is classified as FLSA non-exempt and has performed work for the Agency at some time from December 22, 2018, until the present and continuing, without receiving minimum wage compensation and/or overtime compensation pursuant to the FLSA. He is a member of the National Association of Government Employees ("NAGE").

7. Plaintiff Aaron Savage is employed by the National Oceanic and Atmospheric Administration and works at the National Environmental Satellite, Data, and Information Service's Command and Data Acquisition Station on Wallops Island, Virginia as a GS-0856 Lead Electronics Technician where he tracks and commands the nation's weather satellites. He is classified as FLSA non-exempt and has performed work for the Agency at some time from December 22, 2018, until the present and continuing, without receiving either minimum wage compensation and/or overtime wages pursuant to the FLSA. He is a member of the National Weather Service Employees Organization ("NWSEO").

8.  Plaintiff Jennifer Taylor is employed by the U.S. Forest Service and works in Helena, Montana as a GL-1801 Law Enforcement Officer. She is classified as FLSA non-exempt and has performed work for the Agency at some time from December 22, 2018, until the present and continuing, without receiving minimum wage compensation and/or overtime compensation pursuant to the FLSA. She is a member of the National Federation of Federal Employees, International Association of Machinists ("NFFE").

9.  Plaintiffs, and all others similarly situated, have been designated as excepted employees and have performed work for their respective Federal agencies at some time since December 22, 2018 until the present and continuing without receiving timely payment of minimum wage and/or overtimes wages for such work performed on the next regularly scheduled payday.

10. The potential class is comprised of Plaintiffs and all similarly situated employees who are FLSA non-exempt and were designated as excepted service who have performed work for Defendant at some time since December 22, 2018 until the present and continuing without receiving timely payment of minimum wage and/or overtimes wages for such work performed on the next regularly scheduled payday.

11. Pursuant to 29 U.S.C. § 216(b), the Plaintiffs have all provided their written consent (attached hereto) to be named party Plaintiffs in this matter.

12. Defendant at all times relevant hereto was an "employer" as defined by 29 U.S.C. §203(d).

## **FACTS**

13. Due to a lapse in government funding, a partial shutdown of the United States government began effective December 22, 2018.

14. This partial shutdown has impacted several Defendant Federal agencies' abilities to conduct their respective missions and provide their necessary services to the American people.

15. Plaintiffs have been designated as "excepted employees" pursuant to 31 U.S.C. § 1342, the Antideficiency Act ("ADA"), and applicable guidance from the U.S. Office of Personnel Management ("OPM").

16. Pursuant to the ADA and OPM guidance, excepted employees are required to work, without pay, during a lapse in appropriated funding if their Agency determines that their duties meet certain requirements.

17. Despite the partial shutdown, employees designated by Defendant as excepted have been and continue to be required to perform their duties without receiving their appropriate overtime and minimum wage pursuant to 29 U.S.C. § 201, *et. seq.*, the Fair Labor Standards Act ("FLSA").

18. The FLSA and supporting case law require the Defendant to provide to those employees covered by the Act timely payments of overtime pay and minimum wages.

19. Plaintiffs, and all others similarly situated, have been designated as excepted employees and have performed work for their respective Federal agencies at some time since December 22, 2018, until the present and continuing, without receiving timely payment of minimum wages and/or overtimes wages, for such work performed, on the next regularly scheduled payday.

20. By failing to pay Plaintiffs and all others similarly situated, Defendant has violated the minimum wage and/or overtime provisions of the FLSA.

21. By failing to pay Plaintiffs and all others similarly situated, Defendant is liable for liquidated damages under the FLSA.

22. Because it is unknown when the partial shutdown will end, it is unknown when the Plaintiffs will be paid for the work that they performed during the partial shutdown.

23. It has been reported that President Trump has explicitly suggested that the partial shutdown could last for "months or even years."

   https://www.nytimes.com/2019/01/04/us/politics/democrats-trump-meeting-government-shutdown.html

## COLLECTIVE ACTION ALLEGATIONS

24. As it did with the party Plaintiffs, Defendant failed to pay overtime or minimum wage compensation pursuant to the FLSA on their regularly scheduled payday to all FLSA non-exempt, excepted employees who have performed work for their respective agencies at some time from December 22, 2018 until the present and continuing.

25. These employees have suffered the same harm as a result of the Defendant's actions and omissions as the harm suffered by the party Plaintiffs and are entitled to the same relief.

26. The minimum wages and/or overtime pay owed to the party Plaintiffs and all similarly situated FLSA non-exempt, excepted employees who have performed work for their respective agencies at some time from December 22, 2018 until the present and continuing can be easily calculated using the Defendant's payroll data and records.

27. The amount of liquidated damages due to party Plaintiffs and all other similarly situated FLSA non-exempt, excepted employees who have performed work for their

respective agencies at some time from December 22, 2018 until the present and continuing can be easily calculated using Defendant's payroll and data records.

28. Upon information and belief, hundreds of thousands of employees, many of whom are members of NFFE, NAGE, and NWSEO, who are similarly situated to the party Plaintiffs, have not received overtime or minimum wage compensation pursuant to the FLSA on their regularly scheduled payday. A 29 U.S.C. § 216(b) collective action would be the most efficient way to resolve these employees' FLSA claims, which involve identical questions of law and fact.

29. Defendant has the ability to communicate with potential opt-in employees via its personnel records and electronic mail system.

## CAUSES OF ACTION

### COUNT I
### CLAIM FOR FAILURE TO PAY MINIMUM WAGE PURSUANT TO THE FLSA

30. Plaintiffs and all others similarly situated hereby re-allege and incorporate each of the preceding paragraphs as if fully set-forth herein.

31. Plaintiffs and all others similarly situated have performed work for Defendant at some time since December 22, 2018, continuing to the present, without receiving any minimum wage for such work performed.

32. Plaintiffs and all others similarly situated are entitled to FLSA mandated compensation for time spent committed to Defendant in the discharge of their job duties.

33. Defendant has not paid Plaintiffs and all others similarly situated their minimum wages as mandated by the FLSA.

34. Defendant's FLSA violations are of an ongoing and continuous nature.

35. There is no expected end date to Defendant's violations.

36. Defendant cannot demonstrate good faith and reasonable grounds for believing its failure to pay minimum wage did not violate the FLSA.

37. Defendant has knowledge that it has been held liable for similar violations of the FLSA based on its past actions and/or omissions that are identical to the violations, actions and/or omissions alleged herein.

38. Defendant has not satisfied the conditions under which late payment of minimum wage is permissible.

39. Defendant cannot avoid liability for liquidated damages because it cannot show its failure was due to an event wholly beyond the control of Federal agencies.

40. Plaintiffs and all others similarly situated have suffered pecuniary losses and are entitled to full recovery pursuant to the FLSA.

### COUNT II
### CLAIM FOR FAILURE TO PAY OVERTIME PURSUANT TO THE FLSA

41. Plaintiffs and all others similarly situated hereby re-allege and incorporate each of the preceding paragraphs as if fully set-forth herein.

42. Plaintiffs and all others similarly situated have performed work for Defendant at some time since December 22, 2018, continuing to the present, without receiving overtimes wages for such work performed.

43. Plaintiffs and all others similarly situated are entitled to FLSA mandated overtime compensation for time spent committed to Defendant in the discharge of their job duties.

44. Defendant has not paid Plaintiffs and all others similarly situated their overtime wages as mandated by the FLSA.

45. Defendant's FLSA violations are of an ongoing and continuous nature.

46. There is no expected end date to Defendant's violations.

47. Defendant cannot demonstrate good faith and reasonable grounds for believing its failure to pay overtime wages did not violate the FLSA.

48. Defendant has knowledge that it has been held liable for similar violations of the FLSA based on its past actions and/or omissions that are identical to the violations, actions and/or omissions alleged herein.

49. Defendant has not satisfied the conditions under which late payment of overtime wages is permissible.

50. Defendant cannot avoid liability for liquidated damages because it cannot show its failure was due to an event wholly beyond the control of Federal agencies.

51. Plaintiffs and all others similarly situated have suffered pecuniary losses and are entitled to full recovery pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs, and all those similarly situated, and that this Court:

a) Certify this FLSA collective action pursuant to 29 U.S.C. § 216(b).

b) Order Defendant to issue notice to all FLSA non-exempt, excepted persons who have worked for Defendant and did not receive timely pay, informing such persons of their rights to participate in this action;

c) Declare that the Defendant has been and continues to be in violation of said provisions by failing to pay such compensation as required by the FLSA;

d)  Order that Plaintiffs, including named and opt-in, shall receive overtime compensation and minimum wage compensation pursuant to the FLSA for all hours worked without proper compensation;

e)  Order Defendant to pay to all named and opt-in Plaintiffs liquidated damages in an amount equal to the amounts which were not timely paid pursuant to the FLSA;

f)  Award to all named and opt-in Plaintiffs such other compensation and benefits to which they may be entitled as a result of the unlawful practices and policies of Defendant;

g)  Enjoin Defendant from failing to pay overtime and minimum wage compensation pursuant to the FLSA to all named and opt-in Plaintiffs;

h)  Award all named and opt-in Plaintiffs their costs of suit;

i)  Award all named and opt-in Plaintiffs reasonable attorney's fees and expenses; and

j)  Grant such other and further relief as this Court deems to be appropriate and just.

Respectfully submitted,

 /s/  JACOB Y. STATMAN
Jacob Y. Statman, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jstatman@sniderlaw.com

Counsel of Record for Plaintiffs

Michael J. Snider, Esq.
Keith A. Kauffman, Esq.
Jason I. Weisbrot, Esq.

Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: m@sniderlaw.com
        k@sniderlaw.com
        jason@sniderlaw.com

Of Counsel for Plaintiffs


Jefferson Friday, Esq.
General Counsel
National Federation of Federal
Employees, IAMAW, AFL-CIO
1225 New York Ave., Suite 450
Washington, D.C. 20005
Phone: 202-216-4457
Email: jfriday@nffe.org

Of Counsel for Plaintiffs

Richard J. Hirn
General Counsel
National Weather Service Employees
Organization
5335 Wisconsin Ave N.W.; Suite 440
Washington, DC 20015
Phone: 202-274-1812
Email: richard@hirnlaw.com

Of Counsel for Plaintiffs

Mark Schneider, Esq.
General Counsel
International Association of Aerospace
Workers, AFL-CIO
9000 Machinists Place
Upper Marlboro, Maryland 20772
Phone: 301-967-4510
Email: mschneider@iamaw.org

Of Counsel for Plaintiffs

Sarah Suszczyk, Esq.

Deputy General Counsel
National Association of Government
Employees
1020 N. Fairfax Street, Suite 200
Alexandria, Virginia 22314
Tel: 703-519-0300
Email: ssuszczyk@nage.org

Of Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVCE</u>

I hereby certify that on this 11th day of January, 2019, a copy of the foregoing Complaint and Request to Proceed as a Collective Action Pursuant to 29 U.S.C. §216(b) and Civil Cover Sheet were filed with the Clerk of Court via the CM/ECF filings system. Copies were also sent via electronic mail to counsel of record for related cases: Gregory O'Duden, Esq. (*Avalos et al. v. United States*, 19-48C-PEC) and Heidi Burakiewicz, Esq. (*Tarovsky et al. v. United States*, 19-4C-PEC). Pursuant to the Rules of the United States Court of Federal Claims, the Clerk of Court will serve the Defendant, United States.

<u>  /s/  JACOB Y. STATMAN</u>
Jacob Y. Statman, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jstatman@sniderlaw.com

Counsel of Record for Plaintiffs

## Consent to Become a Named Party Plaintiff

          L. Kevin Arnold

I, _____, being designed as an essential employee and having

worked for the United States government without timely receiving minimum wage and/or overtime

pay during the 2018-2019 partial government shut-down hereby authorize the filing of a lawsuit

with my name, and on my behalf, as well as on the behalf of similarly situated employees, to

recover unpaid wages, liquidated damages, attorneys fees, and any other relief deemed necessary

and proper by the court pursuant to the Fair Labor Standards Act and applicable law, rule and

regulations.

*L. Kevin Arnold*           1/11/2019
_____     _____
Signature                 Date

    PO Box 11 / 80 Deerfoot Trl
    Sun River, MT 59483
_____
Address, City, State, Zip

_____
Phone

_____
Email Address

USDA Forest Service
_____
Federal Agency

Law Enforcement Officer / 1801 / GL9
_____
Position Title, Series, Grade

   Choteau, MT
_____
Duty Station

## Consent to Become a Named Party Plaintiff

I, _Martin A. Lee_, being designed as an essential employee and having
worked for the United States government without timely receiving minimum wage and/or overtime
pay during the 2018-2019 partial government shut-down hereby authorize the filing of a lawsuit
with my name, and on my behalf, as well as on the behalf of similarly situated employees, to
recover unpaid wages, liquidated damages, attorneys fees, and any other relief deemed necessary
and proper by the court pursuant to the Fair Labor Standards Act and applicable law, rule and
regulations.

_M. Lee_      _Jan 11, 2019_
Signature            Date

_P.O. Box 3086, Duluth, MN 55803_
Address, City, State, Zip

Phone

Email Address

_National Weather Service_
Federal Agency

_Electronics Technician GS-0856-11_
Position Title, Series, Grade

_Weather Forecast Office, Duluth, Minnesota_
Duty Station

## Consent to Become a Named Party Plaintiff

I, _Mark Munoz_, being designed as an essential employee and having worked for the United States government without timely receiving minimum wage and/or overtime pay during the 2018-2019 partial government shut-down hereby authorize the filing of a lawsuit with my name, and on my behalf, as well as on the behalf of similarly situated employees, to recover unpaid wages, liquidated damages, attorneys fees, and any other relief deemed necessary and proper by the court pursuant to the Fair Labor Standards Act and applicable law, rule and regulations.

_____  1/11/2019
Signature                         Date

1619 S. Sultana Ave, Ontario, CA. 91761
Address, City, State, Zip

_____
Phone

_____
Email Address

U.S. Forest Service
Federal Agency

SFEO, 0462, GS-8
Position Title, Series, Grade

WATERMAN CANYON STATION 36
Duty Station

## Consent to Become a Named Party Plaintiff

1. _Matthew Perry_ , being designed as an essential employee and having worked for the United States government without timely receiving minimum wage and/or overtime pay during the 2018-2019 partial government shut-down hereby authorize the filing of a lawsuit with my name, and on my behalf, as well as on the behalf of similarly situated employees, to recover unpaid wages, liquidated damages, attorneys fees, and any other relief deemed necessary and proper by the court pursuant to the Fair Labor Standards Act and applicable law, rule and regulations.

_____     1-11-19
Signature                     Date

305 Barbara St, Frederick MD 21701
Address, City, State, Zip

_____
Phone

_____
Email Address

Federal Aviation Administration
Federal Agency

Air Traffic Assistant 2154-F
Position Title, Series, Grade

Washington Air Route Traffic Control Center
Duty Station

## Consent to Become a Named Party Plaintiff

I, _Aaron Savage_, being designed as an essential employee and having

worked for the United States government without timely receiving minimum wage and/or overtime

pay during the 2018-2019 partial government shut-down hereby authorize the filing of a lawsuit

with my name, and on my behalf, as well as on the behalf of similarly situated employees, to

recover unpaid wages, liquidated damages, attorneys fees, and any other relief deemed necessary

and proper by the court pursuant to the Fair Labor Standards Act and applicable law, rule and

regulations.

_____          _10 Jan 19_
Signature                              Date

_5457 Woodland Dr Chincoteague Va 23336_
Address, City, State, Zip


_____
Phone


_____
Email Address


_NOAA_
Federal Agency


_Lead Electronics Technician GS-0856-12_
Position Title, Series, Grade


_WCDAS Wallops IS Va_
Duty Station

## Consent to Become a Named Party Plaintiff

I, *Jennifer Taylor* , being designed as an essential employee and having

worked for the United States government without timely receiving minimum wage and/or overtime

pay during the 2018-2019 partial government shut-down hereby authorize the filing of a lawsuit

with my name, and on my behalf, as well as on the behalf of similarly situated employees, to

recover unpaid wages, liquidated damages, attorneys fees, and any other relief deemed necessary

and proper by the court pursuant to the Fair Labor Standards Act and applicable law, rule and

regulations.

*Jennifer Taylor*                    1/11/19
Signature                                   Date

603 Saddle Dr, Helena, MT 59601
Address, City, State, Zip

_____
Phone

_____
Email Address

USDA US Forest Service
Federal Agency

Law Enforcement Officer, GL 1801 -09/06
Position Title, Series, Grade

Helena MT
Duty Station